IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL LAREDO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JANA JADERBORG,<br><br>　　　　Defendants. | No. C 05-4320 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket Nos. 2, 4) |

    Plaintiff, an inmate incarcerated at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding gallbladder surgery that was performed on him by Defendant at Sutter Coast Hospital. Plaintiff alleges that his claims arise under the Eighth Amendment and under the state tort law of medical malpractice. Plaintiff seeks damages. Plaintiff has also filed an application to proceed *in forma pauperis* (docket nos. 2, 4). Plaintiff's application is GRANTED in a separate order filed simultaneously.

### DISCUSSION

    Plaintiff complains that Defendant Jaderborg was deliberately indifferent to Plaintiff's medical needs and committed medical malpractice when she surgically removed his gallbladder on October 16, 2003. Plaintiff alleges that the surgery was unnecessary and that it failed to cure severe abdominal pain that Plaintiff was suffering. Plaintiff alleges that Dr. Jaderborg was aware that removing his gallbladder was improper because she had a report from radiologist Dr. Cefala that ruled out gallstones as the source of the pain. Plaintiff further alleges that when he was treated

1 by surgeon Dr. Martinalli, who performed a colonoscopy to locate the source of blood
2 in his stool, he stated that Dr. Jaderborg should not have removed his gallbladder
3 because he suffers from Hepatitis C.  Plaintiff contends that he was later examined by
4 Dr. Palmer who stated that he was aware that Dr. Jaderborg had previously performed
5 gallbladder surgery on several prisoners and had failed to properly complete the
6 surgery by cutting the narrow part of the gallbladder "all the way back." Plaintiff
7 contends that Dr. Jaderborg's failure to properly complete the surgery may be the
8 reason that the surgery did not resolve his abdominal pain.

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Negligence is not actionable under § 1983 even outside of the prison context. *See*

2

*County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). With regard to claims regarding constitutionally inadequate medical care, the applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, *see Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

A prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

However, a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 deliberate indifference claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Nor, as previously noted, does a claim of negligence related to medical problems. *See Wood*, 900 F.2d at 1334; *Franklin*, 662 F.2d at 1344. Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, *see Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Plaintiff's medical care allegations must be dismissed because they do not amount to more than a claim for negligence or medical malpractice or do not rise to the level of constitutional injury cognizable under § 1983. *See, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence);

*O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

In this case, Plaintiff alleges that a radiologist's report that denotes "Clinical History: "Abdominal pain; rule out gallstones."" supports his assertion that Defendant was deliberately indifferent to his medical needs. Plaintiff seems to misunderstand this aspect of the report and believes that this statement is a finding by Dr. Cefala that abdominal pain was not caused by the gallstones. However, this entry is apparently the direction of the person (likely Dr. Jaderborg) requesting Dr. Cefala to conduct the ultrasound in order to look for gallstones as a source of the pain. It appears from the findings and the impressions in the report that gallstones, "cholelithiasis", were indeed found and not, ruled out by the radiologist.

Plaintiff also alleges that Dr. Jaderborg was negligent in advising him to remove his gallbladder. Plaintiff asserts that two doctors that examined him after the fact have advised him that surgery was improper or was not conducted properly. However, this is a claim of negligence, which is not cognizable under 42 U.S.C. § 1983. As such, Plaintiff's complaint will be DISMISSED because his claims fail to state a claim for deliberate indifference to serious medical needs. The dismissal is without prejudice to Plaintiff filing a state tort claim for medical malpractice in state court.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: April 25, 2006

JEFFREY S. WHITE
United States District Judge

4